UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) RESHAT ALKAYISI,<br>(2) JAMES HOLYOKE,<br>(3) NOAH TAVELLA,<br>(4) BRIAN KELEMAN,<br>(5) ROBYN COSTA,<br>(6) ERIC DANEAULT,<br>(7) ANDRE WATSON,<br>(8) EMIL DZABIEV, and<br>(9) EDISON KLOTZ,<br><br>Defendants | Criminal No.  21cr10208<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine<br>(21 U.S.C. § 846)<br><br>Count Two: Distribution of and Possession with Intent to Distribute 50 Grams or More of a Mixture and Substance Containing Methamphetamine; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); 18 U.S.C. § 2)<br><br>Count Three: Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine<br>(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii))<br><br>Count Four: Possession with Intent to Distribute 500 Grams or more of a Mixture and Substance Containing Methamphetamine<br>(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii))<br><br>Count Five: Possession of a Firearm in Furtherance of a Drug Trafficking Offense<br>(18 U.S.C. §924(c))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)) |

INDICTMENT

1

## COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
500 Grams or More of a Mixture and Substance Containing Methamphetamine
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about October 2020 through in or about July 2021, in Boston, Braintree, Cambridge, Fall River, Medford, Quincy, and Saugus, in the District of Massachusetts, and elsewhere, the defendants,

(1) RESHAT ALKAYISI,
(2) JAMES HOLYOKE,
(3) NOAH TAVELLA,
(4) BRIAN KELEMAN,
(5) ROBYN COSTA,
(6) ERIC DANEAULT,
(7) ANDRE WATSON,
(8) EMIL DZABIEV, and
(9) EDISON KLOTZ,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to this Count.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) RESHAT ALKAYISI, (2)

JAMES HOLYOKE, (3) NOAH TAVELLA, (4) BRIAN KELEMAN, (5) ROBYN COSTA, (6) ERIC DANEAULT, (7) ANDRE WATSON, and (8) EMIL DZABIEV. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to defendants (1) RESHAT ALKAYISI, (2) JAMES HOLYOKE, (3) NOAH TAVELLA, (4) BRIAN KELEMAN, (5) ROBYN COSTA, (6) ERIC DANEAULT, (7) ANDRE WATSON, and (8) EMIL DZABIEV.

It is further alleged that, with respect to Count One, 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to (9) EDISON KLOTZ. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(viii) is applicable to defendant (9) EDISON KLOTZ.

All in violation of Title 21, United States Code, Section 846.

Before the defendant, (2) JAMES HOLYOKE, committed the offense charged in this count, the defendant was convicted of violating Title 21, United States Code, Sections 841 and 846 (*see United States v. James Holyoke,* 05-cr-10236-RCL (D. Mass.), and *United States v. James Holyoke*, 05-cr-10037-GAO (D. Mass.)), serious drug felonies, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to those offenses within 15 years of the commencement of the instant offense.

Before the defendant, (3) NOAH TAVELLA, committed the offense charged in this count, the defendant was convicted of violating California Health and Safety Code 11379.6, manufacture of a controlled substance (*see People v. Noah Tavella*, Case No. XCNBA43801901), a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWO
### Distribution of and Possession with Intent to Distribute 50 Grams or More of a Mixture and Substance Containing Methamphetamine; Aiding and Abetting
### (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about November 5, 2020, in Quincy, in the District of Massachusetts, the defendants,

(2) JAMES HOLYOKE, and
(9) EDISON KLOTZ,

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii), and Title 18, United States Code, Section 2.

Before the defendant, (2) JAMES HOLYOKE, committed the offense charged in this count, the defendant was convicted of violating Title 21, United States Code, Sections 841 and 846 (*see United States v. James Holyoke,* 05-cr-10236-RCL (D. Mass.), and *United States v. James Holyoke*, 05-cr-10037-GAO (D. Mass.)), serious drug felonies, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to those offenses within 15 years of the commencement of the instant offense.

COUNT THREE
Distribution of and Possession with Intent to Distribute
50 Grams or More of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))

The Grand Jury further charges:

On or about November 11, 2020, in Boston, in the District of Massachusetts, the defendant,

(2) JAMES HOLYOKE,

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

Before the defendant, (2) JAMES HOLYOKE, committed the offense charged in this count, the defendant was convicted of violating Title 21, United States Code, Sections 841 and 846 (*see United States v. James Holyoke,* 05-cr-10236-RCL (D. Mass.), and *United States v. James Holyoke*, 05-cr-10037-GAO (D. Mass.)), serious drug felonies, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to those offenses within 15 years of the commencement of the instant offense.

## COUNT FOUR
Possession with Intent to Distribute
500 Grams or More of a Mixture and Substance Containing Methamphetamine
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))

The Grand Jury further charges:

On or about April 3, 2021, in Fall River, in the District of Massachusetts, the defendant,

(5) ROBYN COSTA,

did knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## COUNT FIVE
Possession of a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about April 3, 2021, in Fall River, in the District of Massachusetts, the defendant,

(5) ROBYN COSTA,

did knowingly possess a firearm, to wit: a Smith and Wesson Bodyguard .380 semi-automatic pistol bearing serial number KEM4480 and containing 4 rounds of GFL .380 ammunition, in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, to wit: possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii), as charged in Count Four of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One through Four, the defendants,

> (1) RESHAT ALKAYISI,
> (2) JAMES HOLYOKE,
> (3) NOAH TAVELLA,
> (4) BRIAN KELEMAN,
> (5) ROBYN COSTA,
> (6) ERIC DANEAULT,
> (7) ANDRE WATSON,
> (8) EMIL DZABIEV, and
> (9) EDISON KLOTZ,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants -

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c), set forth in Count Five, the defendant,

(5) ROBYN COSTA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

    a. A Smith and Wesson Bodyguard .380 semi-automatic pistol bearing serial number KEM4480; and

    b. Four rounds of GFL .380 ammunition.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

_____
ALATHEA E. PORTER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JULY __07__, 2021
Returned into the District Court by the Grand Jurors and filed.

　　　　　　　　　　　　　　　　　　/s/ Thomas F. Quinn  at  4:35pm
　　　　　　　　　　　　　　　　　　DEPUTY CLERK