UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL No.
21-10208-NMG

UNITED STATES OF AMERICA

v.

RESHAT ALKAYISI et al.[1]

**INTERIM STATUS REPORT**

April 25, 2022

DEIN, M.J.

An Interim Status Conference was scheduled to beheld remotely before this court on April 25, 2022 pursuant to the provisions of Local Rule 116.5(b), but with the court's consent, the parties proceeded by way of a Joint Status Report. Based on that Report, this court enters the following report and orders to wit:

1. The defendants are in the process of reviewing the documents produced by the government to date. The government has completed its production of its automatic disclosures except for some drug certifications. The government has responded to discovery requests from the defendant Watson, and is in the process of responding to discovery requests from the defendant Dzabiev.

2. The government does not expect to produce additional discovery except in response to specific requests and in accordance with the Local Rules.

3. The date for filing discovery and/or dispositive motions shall be set at the next status conference.

4. The government will produce its expert disclosures 21 days before trial.

5. This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) and Section 5(b)(7)(B) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective December 2008) that the defendants require additional time for the preparation of an effective defense, including time for review of the evidence, preparation of motions, and consideration of alternatives concerning how best to proceed with this matter, and that the interests of justice outweighs the best interests of the public and the defendants for a trial within seventy days of the return of an indictment.

---

[1] This status report addresses defendants 1-10 of the Superseding Indictment.

Accordingly, it is hereby ordered that the Clerk of this Court enter excludable time for the period of April 25, 2022 through June 3, 2022, that being the period between the expiration of the last order of excludable time and the next status conference.

Based upon the prior orders of the court dated July 15, 2021, July 16, 2021, July 19, 2021, July 23, 2021, September 13, 2021, November 22, 2021, January 12, 2022, February 23, 2022 and the orders entered contemporaneously herewith, at the time of the Final Status Conference on June 3, 2022 there will be zero (0) days of non-excludable time under the Speedy Trial Act and seventy (70) days will remain under the Speedy Trial Act in which this case must be tried.

6. A Final Status Conference has been scheduled for June 3, 2022 at 10:00 a.m. Counsel for the respective parties shall file a Joint Memorandum before the close of business no less than THREE business days prior to that Status Conference.

7. It is too early to determine if a trial will be necessary. The government estimates that a trial may take three (3) weeks.

    / s / Judith Gail Dein
JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE