UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) RESHAT ALKAYISI,<br>(4) BRIAN KELEMAN,<br>(7) ANDRE WATSON,<br>(8) EMIL DZABIEV,<br>(10) PATRICK O'HEARN, and<br>(11) CHRISTINA LUA,<br><br>Defendants | Criminal No. 21-cr-10208-NMGss<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 846)<br><br>Count Two: Possession of a Firearm in Furtherance of a Drug Trafficking Offense<br>(18 U.S.C. § 924(c))<br><br>Count Three: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Counts Four through Six: Money Laundering<br>(18 U.S.C. § 1956)<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation:<br>(18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c))<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

SECOND SUPERSEDING INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about March 2020 through in or about July 2021, in Boston, Braintree, Cambridge, Fall River, Medford, Quincy, and Saugus, in the District of Massachusetts, in the Districts of Connecticut, New Hampshire, Maine, and Rhode Island, and the Central District of

1

California, and elsewhere, the defendants,

> (1) RESHAT ALKAYISI,
> (4) BRIAN KELEMAN,
> (7) ANDRE WATSON,
> (8) EMIL DZABIEV, and
> (10) PATRICK O'HEARN,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances.

It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to this Count.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) RESHAT ALKAYISI and (7) ANDRE WATSON. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to defendants (1) RESHAT ALKAYISI and (7) ANDRE WATSON.

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
Possession of a Firearm in Furtherance of a Drug Trafficking Offense
(18 U.S.C. § 924(c)(1)(A)(i))

The Grand Jury further charges:

On or about July 8, 2021, in the Districts of Massachusetts, Connecticut, New Hampshire, and Rhode Island, and elsewhere, the defendant,

(1) RESHAT ALKAYISI,

did knowingly possess a firearm, to wit: a Glock 9mm with no serial number and a Century Arms AK-47 semi-automatic rifle bearing serial number 711165, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count One of this Second Superseding Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

COUNT THREE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

From in or about March 2020 through in or about July 2021, in the Districts of Massachusetts and Rhode Island, and the Central District of California, and elsewhere, the defendants,

(1) RESHAT ALKAYISI,
(4) BRIAN KELEMAN,
(10) PATRICK O'HEARN, and
(11) CHRISTINA LUA,

conspired with each other and with others known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, to wit, posting bail for co-conspirators, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) conduct and attempt to conduct financial transactions, to wit, storage of bulk United States currency in a safe deposit box, shipment of bulk United States currency through the mails, transportation of bulk United States currency from Massachusetts to California, purchases of vehicles using United States currency, depositing funds into and disbursing funds from bank accounts held in the name of a shell corporation, making bank deposits in quantities less than $10,000, and peer-to-peer electronic fund

4

transfers, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) conduct and attempt to conduct financial transactions, to wit, making bank deposits in quantities less than $10,000, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

All in violation of Title 18, United States Code, Section 1956(h).

COUNT FOUR
Money Laundering
(18 U.S.C. § 1956(a)(1)(A)(i))

The Grand Jury further charges:

On or about April 5, 2021, in Fall River, in the District of Massachusetts, and elsewhere, the defendant,

(1) RESHAT ALKAYISI,

did conduct and attempt to conduct a financial transaction, to wit, payment of $10,000 United States currency as cash bail for Co-conspirator 1, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

COUNT FIVE
Money Laundering
(18 U.S.C. § 1956(a)(1)(A)(i))

The Grand Jury further charges:

On or about April 9, 2021, in Fall River, in the District of Massachusetts, and elsewhere, the defendant,

(1) RESHAT ALKAYISI,

did conduct and attempt to conduct a financial transaction, to wit, payment of $5,000 United States currency as cash bail for co-conspirator (5) ROBYN COSTA, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

COUNT SIX
Money Laundering
(18 U.S.C. § 1956(a)(1)(B)(i))

The Grand Jury further charges:

In or about July 2021, in Hingham, in the District of Massachusetts, and elsewhere, the defendant,

(10) PATRICK O'HEARN,

did conduct and attempt to conduct a financial transaction, to wit, access and use of a safe deposit box to store bulk United States currency, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1.  Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

> (1) RESHAT ALKAYISI,
> (4) BRIAN KELEMAN,
> (7) ANDRE WATSON,
> (8) EMIL DZABIEV, and
> (10) PATRICK O'HEARN

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following:

a.  One black 2021 Jeep Grand Cherokee, Vehicle Identification No. 1C4RJFLG7MC549411, and RI Registration No. 1BH776, seized on or about July 8, 2021 from CHRISTINA LUA;

b.  One black 2021 Dodge Ram 1500, Vehicle Identification No. 1C6SRFFT5MN701815, and RI Registration No. 217206, seized on or about July 8, 2021 from CHRISTINA LUA;

c.  One white 2020 Jeep Cherokee, Vehicle Identification No. 1C4PJMBN5LD636017, and RI Registration No. 1AS308, seized on or about July 8, 2021 from RESHAT ALKAYISI;

d.  One black 2020 Chevrolet Camaro, Vehicle Identification No. 1G1FF3D70L0146204, and RI Registration No. 1AQ443, seized on or about July 8, 2021 from RESHAT ALKAYISI;

e.  $4,252.65 in U.S. currency, seized on or about July 8, 2021 from Citizens Bank General Account No. ****4811, Riverside, RI, held in the name of ALKC Corp, under the control of RESHAT ALKAYISI;

f.    $42.68 in U.S. currency, seized on or about July 8, 2021 from Citizens Bank Payroll Account No. ****4803, Riverside, RI, held in the name of ALKC Corp, under the control of RESHAT ALKAYISI;

g.    $601.19 in U.S. currency, seized on or about July 8, 2021 from Wells Fargo Account No. ******5826, Charlotte, NC, held in the name of RESHAT ALKAYISI;

h.    $4,648.81 in U.S. currency, seized on or about July 8, 2021 from Chase Bank Account No. *****3338, Houston, TX, held in the name of ALKC LLC, under the control of RESHAT ALKAYISI;

i.    $268.21 in U.S. currency, seized on or about July 8, 2021 from Chase Bank Account No. *****3320, Houston, TX, held in the name of ALKC LLC, under the control of RESHAT ALKAYISI;

j.    $15,539.04 in U.S. currency, seized on or about July 8, 2021 from BankNewport Account No. ********1588, Newport, RI, held in the name of CHRISTINA LUA;

k.    $1,166.88 in U.S. currency, seized on or about July 8, 2021 from BankNewport Account No. ********8332, Newport, RI, held in the name of CHRISTINA LUA;

l.    $6,689.17 in U.S. currency, seized on or about July 8, 2021 from Etrade Investments, Investment Account No. ****6798, Jersey City, NJ, held in the name of RESHAT ALKAYISI;

m.    $129,984.00 in U.S. currency, seized on or about July 15, 2021 from TD Bank Safe Deposit Box No. 138, Hingham, MA, held in the name of PATRICK O'HEARN;

n.    $8,000.00 in U.S. currency, seized on or about July 8, 2021 from Building 1 at 2114 Plainfield Pike, Coventry, RI from RESHAT ALKAYISI;

o.    $70.00 in U.S. currency, seized on or about July 8, 2021 from Building 9 at 2114 Plainfield Pike, Coventry, RI from RESHAT ALKAYISI;

p.    $39,223.00 in U.S. currency, seized on or about July 8, 2021 from Building 2 at 2114 Plainfield Pike, Coventry, RI from RESHAT ALKAYISI; and

q.    $23,149.00 in U.S. currency, seized on or about July 8, 2021 from PATRICK O'HEARN at 501 Commerce Drive, Unit 4204, Braintree, MA;

    r.        Miscellaneous jewelry, including a clam shaped Swarovski crystal with pearl, 16 bracelets, 6 rings, 1 set of pearl earrings, 2 sets of earrings, 2 stones, 23 necklaces, and 1 dragonfly pin, seized on or about July 8, 2021 from Building 2 at 2114 Plainfield Pike, Coventry, RI from RESHAT ALKAYISI; and

    s.        Miscellaneous jewelry, including a gold in color DeScenza three stone ring and box, a Movado MK watch with charcoal in color face and hands, a Gevril watch with white face and gold in color hands and box, a Men's silver in color five stone ring, a Men's gold in color ring, and a necklace, seized on or about July 8, 2021 from 501 Commerce Drive, Unit 4204, Braintree, MA from PATRICK O'HEARN.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c), set forth in Count Two, the defendant,

(1) RESHAT ALKAYISI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. A Glock 9mm handgun, seized on or about July 8, 2021 from Building 4 at 2114 Plainfield Pike, Coventry, RI, with no Serial Number, from RESHAT ALKAYISI;

   b. 1,277 rounds of 9mm ammunition, seized on or about July 8, 2021 from Building 4 at 2114 Plainfield Pike, Coventry, RI, with no Serial Number, from RESHAT ALKAYISI;

   c. A Century International Arms Rifle, Model M70AB26, 7.62x39mm caliber, S/N 711165, seized on or about July 8, 2021 from Building 4 at 2114 Plainfield Pike, Coventry, R, from RESHAT ALKAYISI; and

   d. 2,946 rounds of 7.62 caliber ammunition, seized on or about July 8, 2021 from Building 4 at 2114 Plainfield Pike, Coventry, RI, from RESHAT ALKAYISI.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1956, set forth in Counts Three through Five, the defendants,

>(1) RESHAT ALKAYISI,
>(4) BRIAN KELEMAN,
>(10) PATRICK O'HEARN, and
>(11) CHRISTINA LUA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

a. One black 2021 Jeep Grand Cherokee, Vehicle Identification No. 1C4RJFLG7MC549411, and RI Registration No. 1BH776, seized on or about July 8, 2021 from CHRISTINA LUA;

b. One black 2021 Dodge Ram 1500, Vehicle Identification No. 1C6SRFFT5MN701815, and RI Registration No. 217206, seized on or about July 8, 2021 from CHRISTINA LUA;

c. One white 2020 Jeep Cherokee, Vehicle Identification No. 1C4PJMBN5LD636017, and RI Registration No. 1AS308, seized on or about July 8, 2021 from RESHAT ALKAYISI;

d. One black 2020 Chevrolet Camaro, Vehicle Identification No. 1G1FF3D70L0146204, and RI Registration No. 1AQ443, seized on or about July 8, 2021 from RESHAT ALKAYISI;

e. $4,252.65 in U.S. currency, seized on or about July 8, 2021 from Citizens Bank General Account No. ****4811, Riverside, RI, held in the name of ALKC Corp, under the control of RESHAT ALKAYISI;

f. $42.68 in U.S. currency, seized on or about July 8, 2021 from Citizens Bank Payroll Account No. ****4803, Riverside, RI, held in the name of ALKC Corp, under the control of RESHAT ALKAYISI;

g.  $601.19 in U.S. currency, seized on or about July 8, 2021 from Wells Fargo Account No. ******5826, Charlotte, NC, held in the name of RESHAT ALKAYISI;

h.  $4,648.81 in U.S. currency, seized on or about July 8, 2021 from Chase Bank Account No. *****3338, Houston, TX, held in the name of ALKC LLC, under the control of RESHAT ALKAYISI;

i.  $268.21 in U.S. currency, seized on or about July 8, 2021 from Chase Bank Account No. *****3320, Houston, TX, held in the name of ALKC LLC, under the control of RESHAT ALKAYISI;

j.  $15,539.04 in U.S. currency, seized on or about July 8, 2021 from BankNewport Account No. ********1588, Newport, RI, held in the name of CHRISTINA LUA;

k.  $1,166.88 in U.S. currency, seized on or about July 8, 2021 from BankNewport Account No. ********8332, Newport, RI, held in the name of CHRISTINA LUA;

l.  $6,689.17 in U.S. currency, seized on or about July 8, 2021 from Etrade Investments, Investment Account No. ****6798, Jersey City, NJ, held in the name of RESHAT ALKAYISI;

m.  $129,984.00 in U.S. currency, seized on or about July 15, 2021 from TD Bank Safe Deposit Box No. 138, Hingham, MA, held in the name of PATRICK O'HEARN;

n.  $8,000.00 in U.S. currency, seized on or about July 8, 2021 from Building 1 at 2114 Plainfield Pike, Coventry, RI from RESHAT ALKAYISI;

o.  $70.00 in U.S. currency, seized on or about July 8, 2021 from Building 9 at 2114 Plainfield Pike, Coventry, RI from RESHAT ALKAYISI;

p.  $39,223.00 in U.S. currency, seized on or about July 8, 2021 from Building 2 at 2114 Plainfield Pike, Coventry, RI from RESHAT ALKAYISI; and

q.  $23,149.00 in U.S. currency, seized on or about July 8, 2021 from PATRICK O'HEARN at 501 Commerce Drive, Unit 4204, Braintree, MA;

r.  Miscellaneous jewelry, including a clam shaped Swarovski crystal with pearl, 16 bracelets, 6 rings, 1 set of pearl earrings, 2 sets of earrings, 2 stones, 23 necklaces, and 1 dragonfly pin, seized on or about July 8, 2021 from Building 2 at 2114 Plainfield Pike, Coventry, RI from RESHAT ALKAYISI; and

    s.      Miscellaneous jewelry, including a gold in color DeScenza three stone ring and box, a Movado MK watch with charcoal in color face and hands, a Gevril watch with white face and gold in color hands and box, a Men's silver in color five stone ring, a Men's gold in color ring, and a necklace, seized on or about July 8, 2021 from 501 Commerce Drive, Unit 4204, Braintree, MA from PATRICK O'HEARN.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
ALATHEA E. PORTER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: FEBRUARY 28, 2024
Returned into the District Court by the Grand Jurors and filed.

/s/Thomas F. Quinn  2/28/2024 @ 1:45pm.
DEPUTY CLERK