```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


  UNITED STATES OF AMERICA,         )
                                    )
                 Plaintiff          )
                                    )  No. 1:21-cr-10208-NMG
  vs.                               )
                                    )
  RESHAT ALKAYISI, ET AL.,          )
                                    )
                 Defendants.        )
                                    )
                                    )
                                    )




         BEFORE THE HONORABLE NATHANIEL M. GORTON
                UNITED STATES DISTRICT JUDGE
                     Status Conference




         John Joseph Moakley United States Courthouse
                       Courtroom No. 4
                     One Courthouse Way
                  Boston, Massachusetts 02210


                     September 14, 2023
                         3:58 p.m.



                  Kristin M. Kelley, RPR, CRR
                     Official Court Reporter
         John Joseph Moakley United States Courthouse
                 One Courthouse Way, Room 3209
                  Boston, Massachusetts 02210
                   E-mail: kmob929@gmail.com

         Mechanical Steno - Computer-Aided Transcript
```

```
 1   APPEARANCES:

 2

 3        Alathea E. Porter
          United States Attorney's Office MA
 4        1 Courthouse Way
          Suite 9200
 5        Boston, MA 02210
          617-748-3318
 6        alathea.porter@usdoj.gov
          for Plaintiff.
 7

 8        Mark W. Shea
          Shea & LaRocque LLP
 9        88 Broad Street
          Suite 101
10        Boston, MA 02110
          617-577-8722
11        markwshea@gmail.com
          for Reshat Alkayisi.
12

13        James B. Krasnoo
          Krasnoo, Klehm & Falkner LLP
14        28 Andover Street, Suite 240
          Andover, MA 01810
15        978-475-9955
          jkrasnoo@kkf-attorneys.com
16        for Brian Keleman.

17
          Carlos Jorge Dominguez
18        4th Floor, Suite 400
          90 Canal Street
19        Boston, MA 02114
          617-742-2824
20        dmngzcarlos@aol.com
          for Eric Daneault.
21

22        Stanley W. Norkunas, Esquire
          150 Westford Road,Unit 26
23        Tyngsborough, MA 01879
          978-454-7465
24        attyswn@msn.com
          for Emil Dzabiev.
25
```

```
 1    APPEARANCES:

 2

 3         Paul J. Garrity
           14 Londonderry Road
 4         Londonderry, NH 03053
           603-434-4106
 5         garritylaw@myfairpoint.net
           for Edison Klotz.
 6

 7         Kensley Barrett
           Marin & Barrett, Inc.
 8         1000 Chapel View Blvd
           Suite 260
 9         Cranston, RI 02920
           401-380-6724
10         kb@marinbarrettmurphy.com
           for Patrick O'Hearn.
11

12         John S. Day
           Day Law Firm, P.C.
13         99 Derby Street
           Suite 200
14         Hingham, MA 02043
           781-789-3001
15         jday@daylaw.com
           for Christina Lua.
16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              THE CLERK:  This is Criminal Action No. 21-10208, the
 3     United States of America versus Reshat Alkayisi, et al.
 4              Would counsel please introduce themselves for the
 5     record.
 6              MS. PORTER:  Good afternoon, your Honor.  Alathea
 7     Porter on behalf of the United States.
 8              THE COURT:  Miss Porter, good afternoon to you.
 9              MR. KRASNOO:  Good afternoon, your Honor.  James
10     Krasnoo on behalf of Brian Keleman.
11              THE COURT:  Mr. Krasnoo, good afternoon.
12              MR. SHEA:  Good afternoon, your Honor.  Mark Shea on
13     behalf of Reshat Alkayisi.
14              THE COURT:  Mr. Shea for Mr. Alkayisi, good afternoon.
15              MR. DAY:  Good afternoon, your Honor.  John Day on
16     behalf of defendant Christina Lua.
17              THE COURT:  That was Mr. Day?
18              MR. DAY:  Yes, your Honor.
19              THE COURT:  Mr. Day, good afternoon to you.
20              MR. GARRITY:  Your Honor, good afternoon.  Paul
21     Garrity for Mr. Klotz.
22              THE COURT:  Mr. Garrity for Mr. Klotz, yes.
23              MR. BARRETT:  Good afternoon, your Honor.  Tim Barrett
24     for Patrick O'Hearn.
25              THE COURT:  Mr. Barrett for Mr. O'Hearn.
```

1   We have a couple to go.  Do I have Ms. Hackett?
2   THE CLERK:  Judge, she has not yet signed on.  It was
3   decided we would just, since it was close to four o'clock
4   already, that we would proceed without her.  I don't know if
5   she's tied up or whatnot.
6   THE COURT:  Fair enough. How about Mr. Norkunas?  Do
7   we have him?
8   You're muted, Mr. Norkunas.
9   MS. PORTER:  I don't think he's turned on his
04:00 10   microphone or joined the audio.
11   THE COURT:  I have the same problem, Mr. Norkunas,
12   quite often.  Maybe we'll have to use sign language for him.
13   How about Mr. Dominguez?
14   MR. DOMINGUEZ:  Good afternoon, your Honor.  Carlos
15   Dominguez on behalf of Eric Daneault.
16   THE COURT:  Thank you, Mr. Dominguez.
17   So the only one we are missing is Ms. Hackett and
18   Mr. Norkunas has some technical problems, but at least perhaps
19   we can go forward and if there is a problem, Mr. Norkunas, you
04:01 20   can give us the "hi" sign.  Okay?  All right.
21   We are here on a status conference in this
22   multi-defendant case in which there are, as I understand it,
23   four motions to suppress that are still outstanding.  I'm not
24   clear as to why, but certainly the Court takes some blame as to
25   why they have not been resolved sooner since they were filed

```
 1   back early in 2023.
 2           The Court has determined that it is going to deny
 3   three of the four motions.  It expects to deny request No. 84,
 4   Mr. O'Hearn's motion to suppress evidence seized at his
 5   Braintree residence pursuant to a search warrant, which is
 6   docket 295, and defendant Alkayisi's motion to suppress, docket
 7   No. 302.
 8           With respect to defendant O'Hearn's motion to suppress
 9   statements, which is a separate motion, docket No. 298, the
10   Court would like the government to file a further briefing on
11   the following issue:  In its response to defendant O'Hearn's
12   motion to suppress statements, the government contends that the
13   motion is moot because it does not intend to offer
14   Mr. O'Hearn's statements at trial.  Did the government,
15   however, use Mr. O'Hearn's statements to retrieve other
16   admissible evidence and, if so, is that evidence not the fruit
17   of the proverbial poisonous tree?  I'd like the government to
18   brief that subject within a week and then the Court will rule
19   formally on all four motions to suppress very soon thereafter.
20           I do understand that this case is at least currently
21   marked for trial to begin on Monday, November 6.
22           Is there anything else that you would like to call to
23   my attention?  I'll start with the Assistant United States
24   Attorney, Miss Porter.
25           MS. PORTER:  Yes, your Honor.  I understood that
```

1    defendant Watson, who is represented by Ms. Hackett, who is not
2    here, had filed a motion to continue the trial as to him since
3    she was just recently appointed.  I had heard from a number of
4    other counsel for other defendants in the case that they also
5    would like to continue the trial date.  The government is
6    prepared to go forward.  There are still eight defendants left
7    in the case.  I believe two additional defendants we are likely
8    to resolve short of trial, potentially an additional three
9    defendants.  That would leave five remaining.
10             So I wanted to get before the Court as soon as
11   possible given the impending trial date and also that pretrial
12   filings will be due a week after what the Court has set for the
13   status conference for Mr. Watson, so I had requested that we
14   get before your Honor in case other defendants did wish to seek
15   a continuance so that we could move that trial date.
16             THE COURT:  Tell me.  Are any of the defendants
17   incarcerated?
18             MS. PORTER:  Yes, your Honor.  Defendant Alkayisi is
19   in custody.  Defendant Watson is in custody.  Emil Dzabiev is
20   in custody.  The other defendants who are in custody, I
21   believe, we will be resolving the case.
22             That includes Mr. Daneault.  We have been in
23   discussions.  I believe it's likely, Mr. Dominguez can speak to
24   that, but I believe that will be resolved via plea.
25             THE COURT:  All right.  I'll hear from defense

1  counsel.  Probably it would be easier to go around with me
2  directing so that you all aren't interrupting one another.
3           Mr. Shea on behalf of defendant Alkayisi, do you wish
4  to be heard?
5           MR. SHEA:  Yes, please, your Honor.  My client would
6  like a continuance of the trial date under Rule 36.  I
7  discussed it with him.  As you pointed out, he is
8  incarcerated --
9           THE COURT:  Wait a minute.  I'm having trouble,
10 Mr. Shea.  You're breaking up a little bit.  I didn't hear
11 those dates that you gave me.
12          MR. SHEA:  I didn't.  I was just saying that we waive
13 Rule 36 and my client does not have a problem with moving the
14 trial date.  He would like to go through discovery, which has
15 been a problem to get access to it at Wyatt.
16          THE COURT:  I heard most of that except what did I
17 hear about 136?  What's that?
18          MR. KRASNOO:  He said, your Honor, he was waiving Rule
19 36.
20          THE COURT:  Thank you, Mr. Krasnoo.
21          MR. KRASNOO:  That's the advantage of having hearing
22 aids, your Honor.
23          THE COURT:  Maybe I should have them too.
24          Mr. Shea, anything else?
25          MR. SHEA:  The one thing on a trial date, Judge, the

1   parties had talked about March.  I don't know if the Court was
2   aware of that.  For my client, he pointed out to me, rightly
3   so, that that is the time of Ramadan and he is a practicing
4   Muslim.  So being on trial while he was fasting from morning
5   until night would be difficult and he asked me to bring that to
6   the Court's attention.
7           THE COURT:  All right.  That's defendant No. 1.
8   Mr. Krasnoo on behalf of Keleman?
9           MR. KRASNOO:  Yes.  I would like a continuance past
10  the current date for the reason I had complete shoulder
11  replacement surgery July 18.  I was out until September 6.  I'm
12  not back full-time.  I get extremely tired around this time of
13  day.  The sole reason I'm at the office now is because it was
14  scheduled for 3:45 to 4 o'clock.  I don't have a full energy
15  level back.  I expect that will dissipate over the next four to
16  five weeks while I'm getting physical therapy twice a week as
17  well.
18          Does your Honor go full days for trial?
19          THE COURT:  Yes.  My full days I go to 3 or 3:30.  I
20  don't go after 3:30, but I do have afternoon sessions most
21  days.  Sometimes the afternoon business will take precedence.
22  I would say most of the time we go what I call a two-thirds
23  day, nine to one, break for lunch until two and then go to 3 or
24  3:30 in the afternoon.
25          MR. KRASNOO:  Then I would definitely request a

|     |     |
| --- | --- |
| 1 | continuance, your Honor.  I'm likely to have continued physical |
| 2 | therapy.  I'm in it twice a week now and it looks like it's |
| 3 | going to be a six to seven week period of time.  I already |
| 4 | started it two weeks ago.  Up until then I was confined to the |
| 5 | house doing home exercises.  I would never be able to get back |
| 6 | to my therapist in Tewksbury on the time schedule of the trial |
| 7 | and I need that. |
| 8 | THE COURT:  So we're looking for a couple of months? |
| 9 | Is that it? |
| 04:09 10 | MR. KRASNOO:  I could be comfortable, your Honor, |
| 11 | anywhere from January on.  I recognize there were discussions |
| 12 | from other people with March or April.  I'm comfortable with |
| 13 | that.  So is my client.  I've discussed with him that there |
| 14 | were certain co-counsel that needed a continuance if they could |
| 15 | get it and did he have any problems with that.  He said no, |
| 16 | even though there was a passage of time that is a concern to |
| 17 | all of us. |
| 18 | THE COURT:  Mr. Dominguez. |
| 19 | MR. DOMINGUEZ:  Your Honor, we do not oppose a |
| 04:10 20 | continuance of the trial date.  Having said that, AUSA Porter |
| 21 | accurately stated that we are in negotiations and very close to |
| 22 | having a plea agreement signed and also scheduling a Rule 11 |
| 23 | hearing. |
| 24 | THE COURT:  All right.  Thank you. |
| 25 | Ms. Hackett is not with us, so I can't get her, but I |

1  understand that she was just appointed within the last month.
2  It is understandable that she would like some additional time
3  before trial.
4          Mr. Norkunas, on behalf of defendant Dzabiev.  We have
5  the sound problem.  Why don't you give me a sign "yes" or "no"
6  if you're seeking a continuance.
7          You are seeking a continuance.  Are you agreeing that
8  three or four months is what you need?  Okay.  So we're looking
9  at, at least from Mr. Norkunas's point of view, early spring,
10  February, March, or April.  Okay.
11          How about Mr. Garrity on behalf of defendant Klotz?
12          MR. GARRITY:  Your Honor, I'm never opposed to a
13  continuance.  I've never opposed.  I think I'm in a position
14  like Mr. Dominguez.  We're most likely going to be entering a
15  plea agreement and resolve it that way.
16          THE COURT:  All right.  Thank you, Mr. Garrity.
17          Mr. Barrett on behalf of defendant O'Hearn?
18          MR. BARRETT:  Yes, your Honor.  Thank you.  I'm not
19  opposed to a continuance either.  I'm waiting to hear after the
20  U.S. government responds to the brief that you mentioned
21  earlier for the motion to suppress.  I do believe that we will
22  be entering into a plea agreement.  Discussions have been had.
23  We're not quite there yet.  It really depends on what happens
24  with the motion to suppress that you mentioned earlier.  My
25  client does have some health issues.  He is detained.  We're

1     also trying to work through that right now.  To answer your
2     question, not opposed to a continuance.  I would think probably
3     two to three months would be the duration.
4             THE COURT:  I did not record that your client is also
5     incarcerated, is that correct?
6             MR. BARRETT:  That's correct, your Honor.
7             THE COURT:  Does that mean, Miss Porter, four are
8     incarcerated?
9             MS. PORTER:  Sorry, your Honor.  That was my fault.  I
04:12 10   had forgotten.  Mr. O'Hearn had been out on release of
11    conditions and then violated those conditions and then was
12    detained eventually.  So he has been in custody for the last
13    year but not for the duration of the case.
14            THE COURT:  Finally, Mr. Day, on behalf of defendant
15    Lua.
16            MR. DAY:  Yes, your Honor.  Ms. Lua and I have no
17    objection to a continuance.  She's not being held in custody.
18    In fact, she's in California on conditions of release.  I did
19    obtain some additional information from the government this
04:13 20   morning in terms of device extractions that she and I are in
21    the process of reviewing.  We have no objection to a
22    continuance.
23            THE COURT:  All right.  Counsel, just earlier this
24    afternoon I agreed on a multi-defendant criminal trial for, I
25    believe it was March 6, Christine?

```
 1              THE CLERK:  Yes, Judge.  It's March 11 is the Monday.
 2              THE COURT:  That's a two-week trial, was it not?
 3              THE CLERK:  Yes.
 4              THE COURT:  How many defendants in that one?
 5              THE CLERK:  Two.
 6              THE COURT:  What was the date of filing of that one?
 7              THE CLERK:  Give me one moment.  It's a 2022 case.
 8              THE COURT:  I think it was too.
 9              It sounds like everybody would be in favor of a March
10       trial except perhaps Mr. Alkayisi.  Mr. Shea mentioned his
11       religious problem.
12              What about April, Christine?
13              THE CLERK:  Sure.  Let me look here.  You'll be away
14       the end of March.  April 1 or 8 appear to be okay.
15              THE COURT:  Why don't we do it on April Fool's Day,
16       April 1.
17              MS. PORTER:  Your Honor, I'm sorry to interrupt.  I
18       wasn't familiar myself with the Ramadan schedule, but Google
19       tells me that it runs through April 9.  It is a month long.
20              THE COURT:  Well, that will be the government's case.
21       He will be hungry during the government's case but he'll be
22       able to participate perhaps after that, right?
23              MR. SHEA:  If we only have one week after, we would be
24       close to clear of it.
25              THE COURT:  Let's try April 1 for the trial.  What is
```

```
 1    the expected length of this trial, Miss Porter?
 2             MS. PORTER:  I think it's at least two weeks, your
 3    Honor.
 4             THE COURT:  Okay.  With four or five defendants, how
 5    many witnesses are you going to have?
 6             MS. PORTER:  Hard to say, your Honor.  At this time,
 7    somewhere between 10 and 15.
 8             THE COURT:  Okay.
 9             MS. PORTER:  Potentially more depending on chemists
10    and stipulations.
11             THE COURT:  All right.  We'll schedule it for Monday,
12    April 1, 2024.
13             Backing up with such a large case, I'm going to go a
14    little broader in terms of the time that I want.  I want in
15    limine motions six weeks ahead of time, so by the middle of
16    February.
17             Give me a Monday in the middle of February, Christine.
18             THE CLERK:  I think the middle of February would be
19    February 12, or if you did a week later, it would be probably
20    the 20th because the 19th is the holiday.
21             THE COURT:  Let's say on February 20 in limine motions
22    are due.  They would be responded to by two weeks later but not
23    the Tuesday, the Monday.  That would be March 4, oppositions to
24    in limine motions.  And then, on that day, which is four weeks
25    before trial, let's say March 11 I will want your list of
```

1   witnesses and exhibits and then on the 18th, two weeks before
2   trial, oppositions to the opponent's list of witnesses or
3   exhibits and exhibits and your first effort at requests for
4   instructions to the jury, which of course can be supplemented
5   during the course of trial, but I want your first effort two
6   weeks before trial.  Also on that day, proposed questions for
7   the voir dire jury panel and a verdict form.  I believe those
8   are the variables I need.
9           We have to also schedule a final pretrial conference,
10  which would be probably the week before.  I'm away part of that
11  week.  What about the Monday or Tuesday before the trial?
12          THE CLERK:  I think you may be at a different
13  conference that day.  The First Circuit judges workshop.
14          THE COURT:  All right.  Give me a time when I'm not
15  there.
16          THE CLERK:  The week prior?
17          THE COURT:  Sure.
18          THE CLERK:  Why don't we say, Thursday, March 21 at
19  3 p.m.
20          THE COURT:  Thursday, March 21 at 3 p.m. for a final
21  pretrial conference.
22          Any problem with any of those dates, counsel?
23          MS. PORTER:  No, your Honor.
24          MR. SHEA:  Just getting back to the trial starting
25  during Ramadan, I have an objection.  I have no objection to

```
 1  the continuance.
 2          THE COURT:  Okay.  I'm sorry, Mr. Shea, about that.
 3  I'm cognizant of a whole bunch of other schedules that have to
 4  be inserted.  I'm just hopeful it will not be too disruptive.
 5  If you have a problem that you want to address formally by a
 6  motion, I will hear you, but in the meantime, I'm going to go
 7  with these dates.
 8          MR. GARRITY:  Your Honor, can I just?
 9          THE COURT:  Yes.  Go ahead, Mr. Garrity.
10          MR. GARRITY:  Even though I expect Mr. Klotz to
11  resolve by way of a plea, so the Court is aware, in the off
12  chance, I don't expect this, but if Mr. Klotz wants to go to
13  trial, I just had a two-week trial scheduled with Judge Talwani
14  yesterday starting for April 1.  That client's incarcerated.
15  On March 21, I'm on a cruise ship, but like I say, I think it
16  will be a plea most likely.
17          THE COURT:  Why don't you let us know as timely as you
18  can if there's further problem.
19          MR. GARRITY:  I will.
20          THE COURT:  I do need to be concerned about the Speedy
21  Trial Act.  Apparently, there has been some confusion about
22  prior exclusions of time.  I don't know if counsel agrees with
23  that, but my Clerk seemed to think that there is some sort of a
24  discrepancy with what time has been excluded.
25          What I would propose is that the government file a
```

1  motion to exclude all time from December 6, 2022 and June 12,
2  2023 and then again all time between today's date and April 1,
3  2024 in the interest of justice and under the Speedy Trial Act.
4        Any problem with that from any counsel?
5        MR. KRASNOO:  Not for Mr. Keleman, your Honor.
6        THE COURT:  I don't hear any objections, so with the
7  government being good enough to file that motion in which all
8  eight defendants will join, do I hear any dissent from that?
9  Okay.
04:22 10        Does that take care of all of the problems that we
11  were concerned about?
12        MR. KRASNOO:  Just a point of clarification, your
13  Honor.  I didn't get the time for the conference on March 21,
14  but also, would that be by Zoom or in person?
15        THE COURT:  The final pretrial conference I want
16  counsel here.  There are too many matters that need to be
17  resolved in the courtroom and about the courtroom technology.
18  I am a fan of Zoom technology in all other instances, but when
19  we get to jury trials and we get the final pretrial
04:22 20  conferences, I want counsel here.  So that one I need you here.
21  Okay?  The time was 3 p.m.
22        Anything else that needs to come to my attention
23  before we adjourn for the day?
24        MS. PORTER:  No, your Honor.
25        THE COURT:  Thank you, counsel.  We're adjourned.

```
 1   Thank you.
 2              (Adjourned, 4:23 p.m.)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )

DISTRICT OF MASSACHUSETTS    )

     I, Kristin M. Kelley, certify that the foregoing is a correct transcript from the record of proceedings taken September 14, 2023 in the above-entitled matter to the best of my skill and ability.

/s/ Kristin M. Kelley         October 29, 2024

Kristin M. Kelley, RPR, CRR      Date
Official Court Reporter